IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANINE M. ORIE, )
    Petitioner, )
     )
v. ) 2:16-CV-233
     )
STEPHEN D. ZAPPALA, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Janine M. Orie for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Janine M. Orie by her counsel has submitted a petition for a writ of habeas corpus following her conviction by a jury on charges of theft of services, conspiracy to commit theft of services, misapplication of entrusted property, and conspiracy to tamper with or fabricate evidence at Nos. CC201010286 (the "2010 charge") and CC201115981 (the "2011 charge") in the Court of Common Pleas of Allegheny County, Pennsylvania. On May 7, 2013, she was sentenced on the 2011 case to one year in the county intermediate punishment program and two years of probation.[1] That same date, she was sentenced on the 2010 charges and no further penalty was imposed.[2] Thus, her entire sentence was imposed on the 2011 charges.

An appeal was taken to the Superior Court in which the issues presented were:

> I. The trial judge abused his discretion in declaring a mistrial sua sponte in the first trial at CC201010286, as there was no manifest necessity for doing so. Thus, retrial was barred by double jeopardy under Article 1, Section 10 of the Pennsylvania Constitution.

---

[1] See: Appendix to response at p.667.
[2] Id. at p 670.

> II. There was no manifest necessity for the trial judge to declare a mistrial as to Janine Orie in the first trial at CC201010286, as doing so was not in the sole interest of Janine Orie. Thus, retrial was barred by double jeopardy under the Fifth Amendment to the United States Constitution.
>
> III. Janine Orie was prejudiced and denied her right to a fair trial at CC201115981 by the combining of that trial with the constitutionally barred retrial at CC201010286.
>
> IV. It was error prejudicial to Janine Orie for the trial judge to have instructed the jury on accomplice liability – at the request of the Commonwealth and over defense objection – after the jury started deliberations.
>
> V. The trial court erred procedurally and legally in attempting to require Janine Orie to write letters of apology as part of her sentence at CC201115981, and the oral imposition of the sentencing requirement is a nullity.[3]

On August 21, 2014, the written judgment of sentence was affirmed.[4] Allowance of appeal was denied by the Pennsylvania Supreme Court on March 11, 2015.[5]

In the instant counseled petition filed in this Court on March 2, 2016, in paragraph 51 Orie raises only one claim for relief:

> The second trial of petitioner (at CC2010010286) should have been barred on double jeopardy grounds because the trial court's unprecedented sua sponte grant of mistrial during active jury deliberations and the trial court's findings of facts along with the Superior Court's adopting the trial court's double jeopardy opinions in their entirety and affirming them was based on objectively unreasonable determination of the facts (§2254(d)(2)) and the factual predicates that formed the basis for denial of double jeopardy were also incorrect by clear and convincing evidence (§2254(a)(1)).

That is, the entire basis for the petition here is that Orie should not have been retried on the 2010 charges since a mistrial was improperly declared and any further prosecution was barred by the Fifth Amendment prohibition against Double Jeopardy.

The factual background to this prosecution is set forth in the August 21, 2014 Memorandum of the Superior Court:

---

[3] Id. at pp.775-776.
[4] Id. at pp. 899-931. The oral apology requirement was dismissed.
[5] Id. at p.1002.

At all times relevant hereto, Orie was employed as a secretary in the Superior Court chambers of her sister, Joan Orie Melvin ("Orie Melvin"). On April 6, 2010, the Commonwealth charged Orie at docket number CP-02-CR-0010286 (hereinafter, "CC201010286") with theft of services and conspiracy to commit theft of services, based upon allegations that she conspired with another of her sisters, then State Senator Jane Clare Orie ("Jane Orie"), to divert the services of Jane Orie's legislative staff for the benefit of Orie Melvin's 2009 political campaign for a seat as a Justice on the Supreme Court of Pennsylvania. On February 8, 2011, a jury trial commenced on the charges at CC201010286. Jane Orie was a co-defendant at this trial.

On the morning of March 3, 2011, while the jury was deliberating, the trial court, per the Honorable Jeffrey Manning, commenced a proceeding at the behest of the Commonwealth relating to three exhibits introduced at trial by counsel for Jane Orie which, according to the Commonwealth, were obvious forgeries. Judge Manning agreed that the exhibits appeared to be forgeries, stating on the record that "Ray Charles could see that the signatures are doctored." Judge Manning asked counsel for remedies for the introduction of the forged documents, at which time counsel for Orie advised that if it became necessary to declare a mistrial, "It has nothing to do with [Orie]." Judge Manning halted the jury deliberations and recessed, determining that an evidentiary hearing would take place later that day, at which time the trial court would hear the testimony of a handwriting expert regarding the alleged forged documents.

At this point, counsel for Orie requested and received permission from Judge Manning to have lunch at a local restaurant. Although counsel for Orie believed he would be called by the court before the commencement of any proceeding, this did not occur. Although Orie was present, the evidentiary proceeding and argument on alternatives to a mistrial took place in her counsel's absence. When her counsel returned to the courtroom, he was advised that a mistrial had been declared as to both defendants …

On April 4, 2011, Orie filed a motion for dismissal of all charges at CC201010286 on the grounds of double jeopardy under the Pennsylvania and United States Constitutions. On April 13, 2011, Judge Manning entered an order denying the motions as frivolous.

While awaiting retrial, the Commonwealth filed new charges against Orie at docket number CP-02-CR-0015981 (hereinafter, "CC201115981"), asserting claims for theft of services, misapplication of entrusted property, tampering with or fabricating evidence, and solicitation to tamper with or fabricate physical evidence. These charges were based upon allegations relating to activities in Orie Melvin's judicial chambers during her 2003

> and 2009 political campaigns for the Supreme Court. On January 23, 2013, a jury trial commenced against Orie (on the charges at both CC201010286 and CC201115981) and Orie Melvin, who was charged with three counts of theft of services and one count each for conspiracy to commit theft of services, misapplication of entrusted property, and conspiracy to tamper with or fabricate evidence.
>
> On February 21, 2013, the jury found Orie guilty of all charges at both CC201010286 and CC201115981. As set forth in its written Order of Sentence dated May 7, 2013, the trial court, per the Honorable Lester Nauhaus, sentenced Orie for the crimes at CC201115981 to two concurrent one year terms of county intermediate punishment (house arrest), to be followed by two years of consecutive probation. *Orie received no additional penalty for her convictions at CC201010286…* (footnote and record references omitted)(emphasis added). [6]

It is provided in 28 U.S.C. § 2254(a) that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court…

The "in custody" requirement does not require physical confinement, but rather a state imposed abridgement of an individual's liberties, Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963) (custody involves "significant restraints on petitioner's liberty" "not shared by the public generally"). However, before the court has jurisdiction to entertain a habeas corpus petition, the petitioner must be "in custody" on the challenged conviction at the time his/her petition is filed. Maleng v. Cook, 490 U.S. 488, 490-491 (1989).

As we initially observed the "sentence" imposed on the conviction which Orie seeks to challenge was "a determination of guilty without further penalty."[7] Thus, she is not now, nor ever was nor will be "in custody" on the 2010 conviction.[8] Her only "custodial" sentence was on her 2011 convictions which are not the subject of the instant petition. As a result of this lack of "custody" this Court is without jurisdiction to entertain her petition. Maleng supra.

For this reason, it is recommended that the petition of Janine Orie for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

---

[6] Id. at pp.900-903.
[7] Id. at p.670.
[8] We observe that although the lack of custody issue is clearly raised by the respondents, petitioner has apparently not elected to challenge this conclusion here.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to file timely objections may waive the right to appeal.

Filed:  May 23, 2016

Respectfully submitted,
s/Robert C. Mitchell
United States Magistrate Judge