# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANINE M. ORIE, | ) |
| Plaintiff, | ) Civil Action No. 2:16-cv-00233 |
| v. | ) U.S. District Judge Mark R. Hornak |
| STEPHEN D. ZAPPALA, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

In this habeas proceeding, this Court previously adopted the Report and Recommendation ("R&R") of the Magistrate Judge that the Petition be dismissed on the grounds that the Petitioner was not, and had never been, "in custody" as is required to pursue such relief. *Maleng .v Cook*, 490 U.S. 488, 490-91 (1989). The R&R itself, ECF No. 31, as do the Federal Rules of Civil Procedure, Fed. R. Civ. P. 72(b)(2), and our Local Rules of Court, LcvR 72.D.2, provided notice that any Objections to the R&R had to be filed within fourteen (14) days of the issuance of the R&R. Notice was given on the docket that any such Objections had to be filed on or before June 9, 2016. ECF No. 31.

That date came and went, and no Objections to the R&R were filed by any party. Nonetheless, this Court waited. And waited some more. Then on June 30, 2016, this Court entered an Order and Judgment adopting the R&R as the Opinion of the Court, dismissing the petition, and denying a certificate of appealability. ECF Nos. 32, 33. All of that appeared on the ECF docket on June 30, 2016.

Two weeks went by, and then on July 13, 2016, the Petitioner through counsel filed a Motion for Reconsideration and Objections, ECF Nos. 34, 35. This Court ordered responses,

which were filed by Respondents on July 20, 2016, ECF Nos. 38, 39, and the Petitioner replied the next day, ECF No. 40. The guts of the Motion for Reconsideration, which is really a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), is that Petitioner's counsel saw this Court's Order and Judgment that adopted the R&R when it hit the docket, and that he gave it to his legal assistant, assuming that the legal assistant would get it to the Petitioner, which apparently never happened. Notably missing is any assertion that the legal assistant was directed by counsel to so transmit the R&R, or any basis for counsel to conclude that it in fact was or would be so delivered (for instance, some assertion about "usual practice" within the office, some sort of standard operation procedure, etc.). The "excusable neglect" asserted by counsel is that he assumed his legal assistant would send the R&R to the Petitioner, that did not happen, and then when there was a story in the newspapers about this Court's adoption of the R&R, it was then that the Petitioner contacted counsel, and that led him to file this Motion for Reconsideration, and Objections. ECF No. 34.

The Petitioner says that that scenario fits within the rubric of "excusable neglect" under Rule 60(b) because the delay in the filing was relatively short (about five weeks), there is real prejudice to the Petitioner (she is out of this Court), that the Petitioner has a meritorious position on the merits, and that the Respondents will not be prejudiced by this Court's after-the-fact consideration of the Objections. The Petitioner recognizes that these collectively and individually are essentially equitable considerations for this Court to consider, and are to be considered in totality. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388 (1993); *Nara v. Frank*, 488 F. 3d 187, 193-94 (3d Cir. 2007). Our Court of Appeals notes with particular reference the consideration of the danger of prejudice to the non-moving party, the length of delay and impact on judicial proceedings, the reason for the delay and whether it was within the

2

movant's control, and whether the movant acted in good faith. *Id.*; *see Balyan v. Baldwin*, 566 F. App'x 175 (3d Cir. 2014).

Let's consider the Petitioner's arguments one by one. It is true that the delay here was about 34 days, which is not overly long, but is surprisingly long in terms of the time between this Court's Order and Judgment appearing on the docket and the Petitioner filing her Motion and Objection. Thus, the Court concludes that this factor is a neutral. As to prejudice to the Respondents, as to their ultimate legal position, it would not appear to prejudice them, and had the Objections been filed on time, presumably the Respondents would have nonetheless filed a response to them. But given the Petitioner's delay, the Respondents have had to file a response to the Motion for Reconsideration, which is extra work that they would not have had to do. That is some prejudice, but not a lot. This too is a neutral factor.

As to prejudice to the Petitioner if the Motion were not granted, there is prejudice in the sense that right now, she is out of Court (at least this one), but that would seem to be the case in every Rule 60(b) situation, so that is not a factor in her favor. As to her having a meritorious legal position, for the reasons noted below, the Court concludes that she does not. Finally, as to whether this whole situation was within the movant's control/whether there is "excusable neglect"/whether the Petitioner has acted in good faith, here is how the Court sees it.

Taking the Petitioner's counsel at his word, this problem is principally of his doing. The Court is in no hurry to get into the business of defining "best practices" for the law offices of the multitude of lawyers that appear before it. That said, by any measure, any lawyer operating on the "assumption" that his or her legal assistant will or will not do something, absent some fact-based assertion that there was some sort of system or "standard operating procedure" in place is playing with fire. While there is no showing of malicious "bad faith" on the part of the Petitioner

3

herself or counsel, nor some personal delay on her part, the Court is also struck by the reality that even after this Court's Order and Judgment adopting the R&R hit the docket, and then presumably the newspapers, it still took nearly two weeks for the Petitioner to file her Objections.

Considered all in, the Court finds it difficult to conclude that there was "excusable" neglect present in this case, particularly given that the Court would find, for the reasons stated, that the "neglect" in the Petitioner's lawyer communicating with her was not really "excusable", nor was the nearly two week delay in addressing that on the Court's docket *after* the fumble was observed by the Petitioner herself (and about five weeks on the part of her lawyer from when the objections were first due). Thus, the Court concludes that there is no basis to reopen its Judgment based on the application of the Rule 60(b) factors. Nonetheless, because the Court also concludes that the Objections, late-filed though they are, are without merit, and because it is entirely possible the Petitioner will file an appeal, the Court will nonetheless address the Objections on the merits, noting that courts should reconsider their prior orders only when (1) there is an intervening new legal rule (not asserted here), (2) there are new facts that were unavailable at the time the original order were entered (not the case here), or (3) failing to reconsider would work a "manifest injustice" (that appears to be the Petitioner's argument here). *See Max's Seafood Café ex. rel Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669 (3d Cir. 1999).

The Court will not recite again the procedural situation as recounted in the R&R. It appears undisputable that the Petitioner was convicted on state charges set forth in two sets of charges, bearing the state court docket numbers of CC201115981 ("2011 Charge"), and CC 201010286 ("2010 Charge"). On May 7, 2013, she was expressly sentenced on the 2011 Charge. ECF No. 29-5 at 14-16. At that same proceeding, it appears that after inquiry from defense

4

counsel as to the disposition of the 2010 Charge, the sentencing court stated that "no further penalty" was imposed on that 2010 Charge. ECF No. 29-5 at 17-19. The Petition here is filed only as to the 2010 Charge, R&R at 2, and Petitioner's claim is that her retrial on that 2010 Charge should have been barred after the prior grant of a mistrial. She says that this Court should conclude that there had been a "functional consolidation" of the 2010 and 2011 Charges for sentencing, and that contrary to the R&R, she was therefore "in custody" for purposes of 28 U.S.C. § 2254 on the 2010 Charge based on the sentence actually imposed on the 2011 Charge. The Petitioner is wrong.

First, the Petitioner relies on statements contained in *Buford v. United States*, 532 U.S. 59 (2001) for the application of the "functional consolidation" doctrine. That case is not a habeas case, but instead is a case interpreting the Career Offender provisions of the federal Sentencing Guidelines. The Petitioner has not cited to, nor has this Court found, any cases applying or considering the "functional consolidation" doctrine in the habeas context, nor in the context of the "in custody" requirement of § 2254.

In *Buford*, the issue before the Supreme Court was the standard of appellate review of the exercise of a federal sentencing court's judgment in determining whether underlying, prior criminal charges were so "related" for purposes of the Sentencing Guidelines that they that they should be treated as one predicate offense for application of the Career Offender provisions of the Guidelines, U.S.S.G. §§ 4B1.1, 4A1.2(a)(2). As Justice Breyer stated, it presented a "narrow question of sentencing law," 532 U.S. at 60, and the issue before the Supreme Court was not whether and when sentences should be deemed "consolidated" under what appears to be a doctrine applied in the Seventh Circuit (we are in the Third, of course), *id.* at 61, but only one of defining the appropriate standard of review to be applied by a reviewing court to a trial court's

5

determination of whether there had been a "functional consolidation" of sentences for Guidelines purposes. *Id.* at 60, 66.

On top of all of that, this Court concludes that *Buford* does not help the Petitioner on the merits. In that case, there were separate charges on robbery and drug counts in the underlying state proceeding. Buford entered guilty pleas to all of them in different proceedings before different state judges. Nonetheless, all of the resulting convictions were sent to the same state judge for sentencing, sentencing arguments on all counts were heard at the same time, and the state sentencing judge ordered that all sentences imposed on all counts run concurrently one to another. *Id.* at 62. Nonetheless, the subsequent federal sentencing judge in Buford's later federal armed bank robbery case concluded that for Career Offender purposes the state sentences were *not* consolidated for sentencing, either functionally or otherwise, and should be treated as separate convictions and sentences. *Id.* at 62-63. The Seventh Circuit affirmed, *id.*, as did the Supreme Court. *Id.* at 66. In *Buford*, the sentencing court did some things that the sentencing court did not do here—it entered an actual sentence on every count of conviction, and then expressly ordered them to run concurrent with one another, yet they were not treated as "consolidated." In contrast, here the sentencing court expressly entered "no further penalty" as to the 2010 Charge, and made no concurrency order at all.

The record here reveals that there was no "consolidation" of sentences in this case, "functional" or otherwise. The state sentencing court expressly sentenced the Petitioner on the conviction arising from the 2011 Charge, and then expressly stated that there was "no further penalty" as to the 2010 Charge. The state court sentencing orders are separate from one another, and reflect just that. ECF No. 29-5 at 14-19. That is very different than, for instance, even saying that a sentence as to the 2010 Charge was imposed, and would run concurrently with the

6

sentence on the 2011 Charge. None of that happened here. There was never any order that committed the Petitioner to any sort of custody on the 2010 Charge, and in addition, because of that, she was not then, and would not in the future, be at any risk of later going into custody on the 2010 Charge. There was "no" penalty imposed by the state sentencing court on the 2010 Charge, and the state sentencing orders show no linkage of them. That the sentencing court was aware of the conduct leading to the conviction on the 2010 Charge, and considered it in imposing the sentence he actually did impose, which is the heart of the Petitioner's argument here, is of no moment. The bottom line is that "no" penalty was imposed on the 2010 Charge, the Petitioner was never "in custody" on that 2010 Charge, and could not later be put "in custody" as to it.

For all of these reasons, the Court concludes that the R&R was correct, as was this Court's Order adopting it. For the reasons stated, the Court concludes that relief from the Court's June 30, 2016 judgment should not be allowed pursuant to Fed. R. Civ. P. 60(b) for excusable neglect, but that even it were, the Court would not conclude that its prior Order and Judgment were in error at all, let alone that it resulted in manifest injustice to the Petitioner.

An appropriate Order will be entered.

Mark R. Hornak
United States District Judge

Dated: March 21, 2017

cc: All counsel of record